UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID TOM,

     Plaintiff,                             Case No: 6:26-cv-1035-JSS-LHP

v.

EMPOWER BROKERAGE, INC.,

     Defendant.

_____/

## **DEFENDANT'S MOTION TO DISMISS**

Defendant, Empower Brokerage, Inc. ("Empower"), moves pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint filed by Plaintiff, David Tom ("Tom"), because the claims alleged are insufficient as a matter of law. The grounds for this Motion are as follows:

## **INTRODUCTION**

Plaintiff appears to be in the business of asserting claims under the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA"). The Complaint admits that Plaintiff has an alternative number not on the Do Not Call List that he uses to direct calls that he claims were made to a number on the Do Not Call List for the purpose of identifying callers allegedly violating federal and state law regarding solicitation calls. The Complaint admits that the alleged call in question was made to a number that is **not** on the Do Not

Call List and further admits that Plaintiff agreed to accept a transfer to Parker after agreeing that the transfer would override any state or federal Do Not Call list. The Complaint alleges a single call from Danica Parker ("Parker").[1]

## ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that Plaintiff maintains telephone numbers ending in 0760 and 9212 that have been registered on the National Do Not Call Registry since June 28, 2003. (Doc. 1-1, Ex. A). Plaintiff alleges generally that he has been called over the years by many parties that fail to identify a true name or company. (Doc. 1-1, ¶ 18). Plaintiff further alleges that he has received calls "pitching insurance of all varieties, roofing solar panels, erectile dysfunction medication, offers to buy or sell property, mortgage financing, extended auto warranties, and countless other products and services he has no interest whatsoever in purchasing." (Doc. 1-1, ¶ 16).

Because there is no practical way to affirmatively identify or connect the illegal calls to a responsible party, Plaintiff alleges that he "established an alternative telephone number not on the Federal Do Not Call List *and gives such alternative number to a caller*." (Doc. 1-1, ¶¶ 21, 23) (emphasis added). Plaintiff

---

[1] Parker is an independent broker who has never been employed by Empower and who has never been authorized or directed to make unsolicited solicitation calls on behalf of Empower. Parker has no record of talking to the Plaintiff. The Plaintiff misspells Parker's first name in the Complaint, referring to her as "Domeka."

allegedly uses the alternative number to identify parties responsible for violating TCPA and FTSA. (Doc. 1-1, ¶¶ 25, 26). The Complaint alleges that when Plaintiff was called on his Do Not Call registered number, "Plaintiff asked the calling party to call the alternative number." (Doc. 1-1, ¶¶ 28, 29). When the allegedly overseas call center purported to transfer the call, the call center "went on to state that the call would be connected to the licensed agent, **but before the call transfers** – due to quality assurance purposes, **the call transfer would override any state or federal do not call list the number would be on**." (Doc. 1-1, ¶ 47) (emphasis added). Plaintiff agreed. (Doc. 1-1, ¶ 48). Plaintiff was connected with "Domeka Parker with Empower Brokerage," who proceeded to read a Medicare call script. (Doc. 1-1, ¶¶ 36-38). Despite alleging that "it is highly unlikely that a Texas based insurance broker hired an overseas call center," the Complaint alleges that Empower is somehow liable for marketing activities allegedly conducted on their behalf under principles of agency. (Doc. 1-1, ¶¶ 41, 52, 58-61, 65).

Plaintiff alleges that the acts alleged constitute illegal action against Plaintiff in violation of TCPA and FTSA for which Plaintiff is entitled to relief. (Doc. 1-1, ¶¶ 79, 84). Finally, Plaintiff alleges he was injured without specifying the nature of the alleged injuries. (Doc. 1-1, ¶¶ 80, 85).

## STANDARD ON A MOTION TO DISMISS

The Federal Rules of Civil Procedure require a court to dismiss a complaint when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "a complaint must present sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson v. Sanderson Farms, Inc.*, 744 F. 3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the sufficiency of a complaint, well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). The court should not assume that the plaintiff can prove facts that were not alleged. *Id*. Further, the court need not accept legal conclusions or threadbare recitals of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

I.  **The Complaint Should be Dismissed in its Entirety as the Complaint Constitutes an Improper Shotgun Pleading Laden with Conclusory, Vague and Immaterial Facts.**

Dismissal is appropriate based on shotgun pleading. *Tom v. Atlantic Partners Realty Brevard, LLC,* Case No: 6:22-cv-2217-PGB-LHP, 2023 WL 10405058 (M.D. Fla.

June 5, 2023) *report and recommendation adopted*, No. 6:22-CV-2217-PGB-LHP, 2023 WL 10405062 (M.D. Fla. June 29, 2023) (citing *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) (affirming dismissal with prejudice as a shotgun pleading a complaint alleging violations of the TCPA)).

"[S]hotgun pleadings do not comport with the pleading requirements of" Fed. R. Civ. P. 8 and "the Supreme Court's instructions laid out in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*." *Id*. at 991. A shotgun pleading is not "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and does not "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hirsch*, 805 F. A'ppx at 991 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949) (noting that a complaint is insufficient when its claims are "supported by mere conclusory statements").

In this case, the Complaint is "the second type of shotgun pleading as it contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Tom*, 2023 WL 10405058, at *3. The Complaint is filled with general conclusory allegations based on Plaintiff's perception. Specifically, Plaintiff alleges in conclusory fashion how the two phone calls to the phone numbers on the Do Not Call List occurred and how he determined who made the calls. The Complaint further alleges how overseas call centers operate, and how "Domeka Parker" is allegedly connected to Empower.

5

This Court should dismiss the Complaint because the Complaint rests primarily upon speculation and conclusory allegations and fails to allege sufficient underlying facts to support the claims alleged against Empower.

## II.    The Complaint Fails to State a Claim for Relief Under the TCPA.

The TCPA prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellular telephone number, without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(i) & (iii). The TCPA creates a private right of action for persons to sue to enjoin unlawful uses of autodialers and to recover up to $1,500 per violation or three times the plaintiffs' actual monetary losses." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400, 141 S. Ct. 1163, 1168, 209 L. Ed. 2d 272 (2021). Section 227(b)(3) authorizes a $500 fine per violation, increased to $1,500 if the sender acted "willfully" or "knowingly." *Id*. Since the decision in *Facebook*, a complaint must allege use of an Automatic Telephone Dialing System ("ATDS").

In sum, to state a claim under § 227(b)(1)(A)(iii), "a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; and (3) without the plaintiff's prior express consent." *Wagner v. CLC Resorts & Devel., Inc.*, 32 F. Supp. 3d 1193, 1195 (M.D. Fla. 2014). Further, "a defendant may not be held directly liable for a violation of either Section 227(b) or Section 227(c) unless it initiates the call at issue, but it may be held vicariously liable under federal

6

common-law agency principles for calls made by a third-party telemarketer." *Id.* at 1195.

Here, the Complaint's allegations are insufficient and implausible. Plaintiff has not and cannot allege that he received any calls from Empower. Instead, he alleges that "Domeka Parker" made solicitations on Empower's behalf but does not allege any plausible reasons why Empower would hire her, or any underlying facts that would otherwise give rise to vicarious liability. Instead, the Complaint admits that it is "highly unlikely that a Texas based insurance broker hired an overseas call center in Pakistan or Bangladesh to robocall people," but makes speculative allegations that "it is highly likely that a disingenuous marketing company came along and offered brokers all over the nation amazing Medicare Part A&B leads and pitched them on the potential to be connected to a huge pipeline of potential customers just waiting to engage  coverage with licensed agents." (Doc. 1-1, ¶ 41). And, while the Complaint alleges generally that the first call was made by an automated system, it admits that the call "did not identify Empower." (Doc. 1-1, ¶ 42).

For vicarious liability to attach, the complaint must allege the existence of an agency relationship via actual agency, apparent authority or ratification. "For purposes of a motion to dismiss, the Court must determine whether there is 'a factual basis that gives rise to an inference of an agency relationship through the

use of generalized as opposed to evidentiary facts.'" *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021). Here, while the Complaint alleges Empower is responsible for the conduct of its agents and employees, the Complaint fails to sufficiently allege a basis for an agency relationship or vicarious liability for Domeka Parker's conduct.

The Complaint adds additional speculative allegations including that the call center "knows that they are violating telemarketing laws," and that they ask for the called party to consent. (Doc. 1-1, ¶ 48). Specifically, Plaintiff alleges that before transferring the call to a licensed agent, the "overseas call center went on to state that the call would be connected to the licensed agent, **but before the call transfers – due to quality assurance purposes, the call transfer would override any state or federal do not call list the number would be on.**" (Doc. 1-1, ¶ 47) (emphasis added). Fatal to the sufficiency of the Complaint, Plaintiff admits that **he agreed and consented** to the call transfer. (Doc. 1-1, ¶ 48).

Lastly, Plaintiff fails to sufficiently allege harm or injury caused by the Defendant's actions. *Tom*, 2023 WL 10405058, at *5 ("Plaintiff must specifically allege the harm or injury caused by the actions and/or omissions of the defendant(s) and the relief sought, a general reference to "injury" will not suffice."). A mere statutory violation is insufficient. *Pet Supermarket, Inc. v. Eldridge*,

8

360 So. 3d 1201, 1206 (Fla. 3d Dist. Ct. App. 2023). Thus, Plaintiff's allegation of injury is insufficient as a matter of law.

The allegations of the Complaint fail to state claim for relief under TCPA and Count I should be dismissed.

### III.   The Complaint Fails to State a Claim for Relief Under FTSA.

To state a claim for relief under FTSA, a plaintiff must allege: (1) the defendant made an unsolicited telephonic sales call; (2) involving an automated system for the selection or dialing of telephone numbers, or the playing of a recorded message when connected; and (3) without the plaintiff's prior express written consent. § 501.059, Fla. Stat. Plaintiff's failure to adequately allege several of these elements supports dismissal.

First, Plaintiff does not and cannot allege that Empower made any unsolicited telephonic sales call. Second, the Complaint alleges that the call center that called him transferred the call to "Domeka Parker with Empower Brokerage," without any facts supporting the allegation that she was working with Empower. (Doc. 1-1, ¶¶ 36-40). Third, the Complaint alleges only generally, and in a conclusionary fashion, about the use of an automated system for the objectionable calls. However, Plaintiff fails to allege sufficient underlying factual support for his claims that the objectionable calls were made using an automated system. Unlike the complaint in *Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d

1334, 1350 (S.D. Fla. 2022), which sufficiently alleged the defendant's conduct was covered by the autodialer provision where it included "an allegation that Defendant itself characterized the text message software as an "automated system," here, there is no such allegation that Empower utilized an automated system.

Finally, a called person's prior written consent precludes liability under FTSA. In this case, Plaintiff admits in the Complaint that *he consented* to the call transfer to Parker. (Doc. 1-1, ¶ 48). As set forth above, the Complaint alleges that the call center "knows that they are violating telemarketing laws," and that they ask for the called party to consent. (Doc. 1-1, ¶ 48). Specifically, Plaintiff alleges that before transferring the call to a licensed agent, the "overseas call center went on to state that the call would be connected to the licensed agent, **but before the call transfers – due to quality assurance purposes, the call transfer would override any state or federal do not call list the number would be on.**" (Doc. 1-1, ¶ 47) (emphasis added). Fatal to the sufficiency of the Complaint, Plaintiff admits that **he agreed and consented** to the call transfer. (Doc. 1-1, ¶ 48). Thus, the only call potentially giving rise to liability was one that Plaintiff consented to receiving after being advised that "the call transfer would override any state or federal do not call list the number would be on." (Doc. 1-1, ¶¶ 47, 48).

Accordingly, the Complaint fails to state a claim for relief under FTSA and this Court should dismiss Count II.

## IV.    The Complaint Fails to State a Claim for Relief Under FDUTPA.

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits unfair trade practices. *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 209-10 (Fla. 4th Dist. Ct. App. 2019). An unfair practice " 'offends established public policy' and … is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.' " *Id.* (citing *PNR, Inc. v. Beacon Property Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). The "elements of a private FDUTPA claim are: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages." *Vintage Motors of Sarasota, Inc. v. MAC Enters. of N. Carolina, LLC*, 336 So. 3d 145, 148 (Fla. 2d Dist. Ct. App. 2019).  Count III is insufficient as a matter of law as Plaintiff does not and cannot allege actual damages.

"FDUTPA allows a person who has suffered a loss due to a violation to recover 'actual damages,' which consist of the 'difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties,' and excludes consequential damages." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 861 (11th Cir. 2023). Here, the Complaint makes no attempt to allege actual damages. Plaintiff alleges only that Plaintiff was injured

11

and "incurred wasted time when trying to resolve issues with them, research their lead vendors, and expressed anger and frustration at the false information presented to Plaintiff on the phone and in writing." (Doc. 1-1, ¶ 90). Plaintiff seeks monetary damages for time spent investigating the calls and communicating in futility with Defendant in an attempt to investigate the illegal calls. (Doc. 1-1, ¶ 92). The damages alleged are insufficient as a matter of law.

FDUTPA requires proof of actual damages. § 501.211(2), Fla. Stat. When a complaint fails to "allege a recoverable loss under FDUTPA, the complaint fails to state a cause of action under FDUTPA." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d Dist. Ct. App. 2010). Actual damages do not include consequential damages, statutory damages or damages for mere annoyance or inconvenience. *See*, *Id*. ("under FDUTPA, the term "actual damages" does not include special or consequential damages."); *see also Ferrara v. LCS Fin. Servs. Corp.*, No. 8:14-CV-2450-T-30AEP, 2015 WL 84703, at *3 (M.D. Fla. Jan. 7, 2015) (complaint failed to state a cause of action because it does not contain allegations of causation connecting defendant's actions to any alleged damages); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d Dist. Ct. App. 2006) ("FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment.").

Plaintiff does not and cannot allege actual damages. Accordingly, Count III fails to state a claim for relief and should be dismissed.

## CONCLUSION

Based on the foregoing, the Court should dismiss the Complaint for failure to state a claim for relief.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certified that he has conferred by e-mail with Plaintiff in a good faith effort to resolve the issues raised in this Motion, but the parties were unable to reach a resolution.

/s/ Jonathan B. Sbar
Jonathan B. Sbar, Esquire  (FBN 131016)
Email:  jsbar@bergersingerman.com
Secondary: mlamoureaux@bergersingerman.com
Secondary: DRT@bergersingerman.com
Secondary: DRT@ecf.inforuptcy.com
Ian A. Parry, Esquire  (FBN 107040)
Email:  iparry@bergersingerman.com
Secondary:  lknox@bergersingerman.com
Secondary: DRT@bergersingerman.com
Secondary: DRT@ecf.inforuptcy.com
BERGER SINGERMAN, LLP
2309 S. MacDill Avenue
Tampa, FL  33629
Phone:  813-498-3400
Fax:     813-527-3705
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to the following by Electronic Mail using the Court's CM/ECF system

on May 20, 2026.

David Tom
1058 Herne Avenue
Palm Bay, FL  32907
Tel:  321-725-9212
Email:  david.m.tom@gmail.com


/s/ Jonathan B. Sbar
Attorney

14